# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| KEVIN KENTRELL, EDWARDS ) ) | |
| Petitioner, ) ) | |
| vs. ) ) | 7:22-cv-08041-LSC (7:18-cr-00460-LSC-TMP) |
| UNITED STATES OF AMERICA, ) ) ) | |
| Respondent. ) | |

## MEMORANDUM OF OPINION

### I. Introduction

Before this Court is a motion by Kevin Kentrell Edwards ("Edwards" or "Petitioner") to vacate, set aside, or otherwise correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). (Doc. 1.) The United States ("Government") responded in opposition to the motion. (Doc. 3.) For the reasons set forth below, Edwards's § 2255 motion (doc. 1) is due to be denied and the present action dismissed.

### II. Background

#### A. Charges and Sentencing

On April 26, 2019, a grand jury indicted Edwards, charging him with

1

being a felon[1] in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. 1 at 1.)[2] Stuart D. Albea represented Edwards in the subsequent proceedings. (*See* Cr. Doc. 5.) Edwards ultimately entered into a plea agreement and pled guilty to the charge on November 15, 2018. (Cr. Doc. 7.)

Pursuant to his agreement, Edwards stipulated that the factual basis therein was "substantially correct." (Cr. Doc. 7 at 7.) Specifically, Edwards acknowledged that he had admitted to possessing the firearm at issue and that he had previously accrued five felony convictions. (*Id.* at 7.) The Government, in turn, agreed to recommend a term of incarceration on the low end of the sentencing guideline range. (*Id.* at 8.) Additionally, Edwards waived his right to challenge his conviction and/or sentence through an appeal or a motion pursuant to § 2255 unless (a) this Court imposed a sentence greater than the applicable statutory maximum sentence and/or (b) the guideline sentencing range, or (c) Edwards received ineffective assistance of counsel. (*Id.* at 9–10.)

At Edwards's sentencing hearing, this Court adopted the findings of

---

[1] For purposes of this Opinion, the term "felony" refers to "a crime punishable by imprisonment for a term exceeding one year," and "felon" refers to an individual convicted of such a crime. *See* 18 U.S.C. § 922(g)(1); *see also Taylor v. United States*, 495 U.S. 575, 578 (1990) ("Under 18 U.S.C. § 922(g)(1), it is unlawful for a person who has been convicted previously [of] a felony to possess a firearm.").

[2] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, *United States v. Edwards*, No. 7:18-cr-00460-LSC-TMP.

Edwards's pre-sentence investigation report ("PSR") and determined that his advisory guideline imprisonment range was 110 months to 120 months. (Cr. Doc. 12 at 22.) Accordingly, on April 2, 2019, this Court sentenced Edwards to 120 months of imprisonment followed by 36 months of supervised release. (Cr. Doc. 14 at 2–3.)

### B. § 2255 Proceedings

Edwards filed the present § 2255 petition on November 18, 2022.[3] (Doc. 1.) Edwards argues that his sentence should be vacated due to a claim arising from the United States Supreme Court ruling in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). (Doc. 1 at 5.)

### III.  Non-Successiveness of Edwards's § 2255 Motion

Edwards is bringing his first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. at §§ 2255(h), 2244(b)(3)(A).

### IV.  Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255

---

[3] Applying the "mailbox rule," the Eleventh Circuit deems a prisoner's § 2255 motion as filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520–21 (5th Cir. 1979)). However, an evidentiary hearing is appropriate if, "accept[ing] all of the petitioner's alleged facts as true," the petitioner has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d

4

1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

## V. Discussion

### A. Timeliness of Edwards's § 2255 Motion

Pursuant to 28 U.S.C. § 2255(f)(1), there is a one-year statute of limitations starting from "the date on which the judgement of conviction becomes final" for § 2255 motions. Since Edwards did not file a notice of appeal, the District Court's judgment became final on April 16, 2019, fourteen days after judgment was entered on April 2, 2019. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("a defendant's notice of appeal must be filed in the district court within 14 days of . . . the entry of the judgment or order being appealed"); *see also Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (concluding that "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."). Edwards filed the instant § 2255 motion on November 18, 2022, which is over two years after the one-year period on which his conviction became final. *See* 28 U.S.C. § 2255(f)(1). Thus, this motion is due to be dismissed as untimely.[4]

---

[4] Although 28 U.S.C. § 2255(f)(3) allows the statute of limitations to also run one year from "the date on which the right asserted was initially recognized by the Supreme Court," this Court, as discussed below, does not find a new right has been asserted that would apply to Edwards.

5

**B. Appeal Waiver**

Edwards's challenge alleged in his § 2255 motion is precluded by the appeal waiver he signed in his plea agreement with the Government.

"A criminal defendant who wishes to plead guilty can waive the right to challenge his conviction and sentence in exchange for a better plea deal." *King v. United States*, No. 20-14100, 2022 WL 2980490, at *1 (11th Cir. July 28, 2022). "A plea agreement is, in essence, a contract between the government and a criminal defendant." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). "Among the considerations that a defendant may offer as a part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily." *Id.* "With limited exceptions, a valid waiver of the right to appeal bars habeas claims brought under 28 U.S.C. § 2255." *King*, at *1. "[A] waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates the defendant did not otherwise understand the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). "For an appeal waiver to bar claims raised in a § 2255 motion, at a minimum, the would-be petitioner must know at the time of the guilty plea that the right to federal habeas review exists, and she must realize she is giving up that right as part of her plea bargain." *Stone*

*v. United States*, No. 20-10666-A, 2020 WL 4933699, at *1 (11th Cir. June 9, 2020).

As part of his plea agreement, Edwards expressly waived the right to challenge his conviction or sentence in a § 2255 motion:

> In consideration of the recommended disposition of this case, I, KEVIN KENTRELL EDWARDS, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

(Cr. Doc. 7 at 9–10.)

The only three rights reserved by the defendant to contest his conviction are: "(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s); (b) Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and (c) Any claims of ineffective assistance of counsel." (*Id.* at 10.) The record clearly demonstrates that Edwards was sentenced within the guideline sentencing range. (*See* Cr. Doc. 12 at 22.)

Because of this waiver he signed as part of his plea agreement, Edwards's claim on ground one cannot be brought. Ground one alleges a violation of the

7

Supreme Court ruling in *Bruen*. (Doc. 1 at 4.) This claim does not fall into any of the three exceptions listed above that he can bring despite his agreement with the Government. This claim is not based on his sentence being in excess of the statutory maximum, his sentence being in excess of the guideline sentencing range, or ineffective assistance of counsel. Therefore, Edwards's § 2255 motion is due to be dismissed as waived.

### C. Procedural Default

As well as being precluded by an appeal waiver as detailed above, Edwards's claim that the United States Supreme Court ruling in *Bruen* entitles him relief is procedurally defaulted. Edwards's claim is procedurally defaulted because he failed to raise it in the district court or on direct appeal. Nor did Edwards allege any actual prejudice or cause in his § 2255 motion. (*See* Doc. 1).

"Procedural bar" and "procedural default" have distinct meanings, and a petitioner cannot overcome them in the same manner. *See Seabrooks v. United States*, 32 F.4th 1375, 1383–84 (11th. Cir. 2022). "A procedural bar prevents a defendant from raising arguments in a § 2255 proceeding that he raised and [the Eleventh Circuit] rejected on direct appeal. A defendant can overcome a procedural bar when . . . there is an intervening change in the law." *Id.* at 1383 (citations omitted) (citing *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014), and *Davis v. United States*, 417 U.S. 333, 342 (1974)).

8

"By contrast, a 'procedural default' occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion." *Id.* at 1383–84 (citing *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)). "If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused. To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence." *Id.* at 1384 (citation omitted) (citing *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011)).

Edwards contends that the United States Supreme Court ruling *Bruen* entitles him to relief because it undermines the previous decision that was made on his case by violating his Second Amendment right. (Doc. 1 at 13–16.)

Edwards's claim, however, is procedurally defaulted because he failed to raise the claim on direct appeal. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn*, 365 F.3d at 1234. Edwards failed to advance any claim on direct appeal. As a result, Edwards can overcome the procedural default only if one of the two exceptions to the procedural default rule applies. *See McKay*, 657 F.3d at 1196. "Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar

9

by 'show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error.'" *Id.* (quoting *Lynn*, 365 F.3d at 1234). "Under the actual innocence exception[,] . . . a [petitioner]'s procedural default is excused if he can show that he is actually innocent."

### 1. Cause and Prejudice Exception

Edwards cannot establish cause and prejudice. "The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that 'its legal basis [was] not reasonably available to counsel.'" *United States v. Bane*, 948 F.3d 1290, 1296–97 (11th Cir. 2020) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)) (alteration in original). There are three ways a defendant can prove a claim was novel and therefore demonstrate cause: 1) "when a decision of the Supreme Court explicitly overrules one of its precedents," 2) "when a Supreme Court decision overturns a "longstanding and widespread practice to which the Supreme Court has not spoken," or 3) "when a Supreme Court decision disapproves of a practice [the Supreme Court] arguably has sanctioned in prior cases."" *Granda v. US*, 990 F.3d 1272, 1286 (11th Cir. 2021) (internal citations omitted).

Although no binding court has made the novelty determination about *Bruen*, the Eleventh Circuit has decided that "*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default." *US v. Innocent*, 977 F.3d 1077,

10

1084 (11th Cir. 2020). Thus, Edwards, likely cannot utilize the "novelty" exception to excuse his procedural default in this scenario either. Just as with *Rehaif*, a novelty argument for *Bruen* does not meet any of the paths to establishing novelty articulated in *Granda*. 990 F.3d at 1286. The *Bruen* decision, as further discussed below, does not affect any Eleventh Circuit precedent in the way Edwards attempts to utilize it.

### 2. Actual Innocence Exception

Edwards cannot establish actual innocence. The actual innocence exception is exceedingly narrow. *McKay*, 657 F.3d at 1198; *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995) (stating that the actual innocence standard "ensures that petitioner's case is truly 'extraordinary'") (citation omitted). A petitioner must "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup*, 513 U.S. at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623; *e.g., McKay*, 657 F.3d at 1198. "To establish actual innocence, [a] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup* 513 U.S. at 327–28). "The petitioner thus is required to make a stronger showing than that needed to establish prejudice." *Schlup*, 513 U.S. at 327.

11

A petitioner alleging actual innocence on an 18 U.S.C. § 922(g)(1) conviction "must show that he had no knowledge of being a convicted felon when he possessed the firearm." *Whittle*, 2023 WL 3071092, at *2 (citing *Rehaif*, 139 S. Ct. at 2200, and *Hatcher v. United States*, No. 19-cv-8053, 2022 WL 4474915, at *2 (N.D. Ala. Sep. 26, 2022) ("To be actually innocent under *Rehaif*, . . . [the] [p]etitioner would have to be unaware that he is a felon.")). Notably, though, "[i]n felon-in-possession cases where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying [to argue] . . . that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. 'Felony status is simply not the kind of thing that one forgets.'" *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (quoting *United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring)); *see also, e.g.*, *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020) ("[M]ost people convicted of a felony know that they are felons."). Multiple felony convictions and serving a term of imprisonment for longer than one year can provide circumstantial evidence that a petitioner knew he was a felon. *See United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019) ("[S]omeone who has been convicted of felonies repeatedly is especially likely to know he is a felon."); *Innocent*, 977 F.3d at 1083 ("[S]erving more than a year in prison provides circumstantial evidence of knowledge of felon status.");

12

*Greer*, 141 S. Ct. at 2097–98 (discussing the defendants' multiple felonies; failure to dispute the fact of their prior convictions; stipulations to their felon status at trial and upon pleading guilty, respectively; and failure to argue on appeal "that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms" as "substantial evidence that [the defendants] knew they were felons").

Edwards fails to meet the demanding standard required to establish actual innocence. See *Schlup v. Delo*, 513 U.S. 298, 332 (1995). In addition to never filing a direct appeal, Edwards offers no reason for excusal from his claims under the procedural default rule, nor does he make any claims of actual innocence. (*See* Doc. 1.) Considering Edwards's extensive criminal record, this Court finds no evidence supporting Edwards's contention that he is serving an unconstitutional sentence. (*See* Cr. Doc. 12.) Therefore, Edwards's § 2255 motion is due to be dismissed as procedurally defaulted.

### D. Merits of Edward's Petition

Even if Edwards's claim is not procedurally defaulted, *Bruen* applies to law-abiding citizens, thus having no effect on the present case. The Second Amendment states, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, the Supreme

13

Court explained that "the right secured by the Second Amendment is not unlimited," and reiterated the "longstanding prohibitions on the possession of firearms by felons." 554 U.S. 570, 626 (2008).

In *Bruen*, the Supreme Court struck down a state law requiring law-abiding citizens to demonstrate a special need for self-defense before issuance of a public-carry license. *Bruen*, 597 U.S. at 71. The Court held that a state may not enforce a law that "prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id.* Notably, *Bruen* protected the firearm rights of law-abiding citizens without abrogating the longstanding prohibitions outlined in *Heller*. *See Bruen*, 597 U.S. at 87.

It follows that the holding in *Bruen* has no effect on Edwards's case here. *Id.* The Second Amendment protections afforded to law-abiding citizens do not apply to Edwards, an individual with prior felony convictions. *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) (holding that "statutory restrictions of firearm possession… are a constitutional avenue to restrict the Second Amendment right of certain classes of people," including individuals with felony convictions). (*See* Cr. Doc. 12.) Thus, this Circuit's ruling stating "§ 922(g)(1) is a constitutional restriction on [a defendant's] Second Amendment right" still applies, warranting no relief for Edwards. *Rozier, 598 F.3d.* at 772.

## VI.   Conclusion

For the foregoing reasons, Edwards's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). This Court finds that Edwards's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on June 5, 2024.

L. Scott Coogler
United States District Judge

215708